IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JONATHAN CARLSON**, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:25-cv-0255-O-BP |
| **CMG MORTGAGE**, *et al.*, | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On January 30, 2025, *pro se* Plaintiffs Jonathan Carlson and Valerie Carlson filed a pleading that the clerk of Court opened as miscellaneous case, which was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 4. On March 14, 2025, the Court directed the clerk of Court to redesignate this case as new civil action. ECF No. 5. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Jonathan and Valerie Carlson are the plaintiffs. They name CMG Mortgage; Tracy McAlister; Robertson, Anschutz, Schneid, Crane & Partners, PLLC; and William Attmore as the defendants.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C.

§§ 1914, 1915. When Plaintiffs filed their complaint, they did not pay the requisite fees or file an IFP application. On March 14, 2025, the Court ordered Plaintiffs to cure this preliminary filing deficiency within 14 days by either paying $405 to the clerk of Court or filing a complete long-form IFP application. ECF No. 5. The Court provided Plaintiffs a copy of the IFP application form necessary to comply and warned them that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.* Plaintiffs did not comply. On March 31, 2025, the Court *sua sponte* granted Plaintiffs an extension of time to comply with the Court's order by April 14, 2025. ECF No. 6. The Court warned Plaintiffs again that failure to either pay the requisite fees or file an IFP application could result in dismissal of this action under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiffs to comply with the Court's orders lapsed. To date, Plaintiffs have not complied with the Court's orders, sought an extension of time to do so, or otherwise attempted to cure their filing deficiency. Because Plaintiffs have not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiffs' complaint for lack of prosecution or failure to follow a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on April 17, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE